**Conformed Copy**

1 Paul J. Cambria, Jr., Esq.(SBN 177957)
    pcambria@lglaw.com
2 Jonathan W. Brown, Esq. (SBN 223901)
    jbrown@lglaw.com
3 LIPSITZ GREEN SCIME CAMBRIA LLP
  42 Delaware Avenue, Suite 120
4 Buffalo, New York 14202
  Telephone: (716) 849-1333
5 Facsimile: (716) 849-1315

6 Peter E. Garrell, Esq. (SBN: 155177)
    pgarrell@linerlaw.com
7 Margaret P. Stevens, Esq. (SBN: 204291)
    mstevens@linerlaw.com
8 LINER YANKELEVITZ
  SUNSHINE & REGENSTREIF LLP
9 1100 Glendon Avenue, 14th Floor
  Los Angeles, California 90024-3503
10 Telephone: (310) 500-3500
  Facsimile: (310) 500-3501

11

12 Attorneys for Plaintiff
  NINN WORX SR, INC. and N WORX MEDIA,
13 INC.

14          **UNITED STATES DISTRICT COURT**

15        **CENTRAL DISTRICT OF CALIFORNIA**

16

17 NINN WORX SR, INC., a Delaware

  Corporation; N WORX MEDIA, INC., a

18 California Corporation,

19       Plaintiffs,

20     vs.

21 FRANCIS MICHAEL FITZGERALD, an
  individual,

22       Defendant.

23

24

25

26

27

28

FILED

2009 JAN 30 PM 3:40

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Case No. CV09-0784 VBF VBKx

**COMPLAINT FOR:**

(1) **TRADEMARK INFRINGEMENT;**
(2) **TRADEMARK DILUTION;**
(3) **FEDERAL UNFAIR COMPETITION;**
(4) **COMMON LAW UNFAIRCOMPETITION; AND**
(5) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.**

**DEMAND FOR JURY TRIAL**

0038613/037/ 417218v04

1    Plaintiffs Ninn Worx SR, Inc., a Delaware corporation ("Ninn Worx SR"),
2  and N Worx Media, Inc., a California corporation ("N Worx Media") (collectively
3  "Plaintiffs"), as and for their Complaint against Defendant Francis Michael
4  Fitzgerald ("Defendant Fitzgerald"), allege as follows:

### SUMMARY OF THE CASE

6    1.    This is an action that seeks redress against a defendant who sold a
7  company of which he was 100% shareholder and all of its valuable intellectual
8  property through a stock purchase agreement; received the significant benefits of the
9  transaction; and then cavalierly continued to use the company's intellectual property
10  for his personal gain -- thereby depriving the buyer of the fundamental benefit of the
11  parties' bargain.

12    2.    As alleged in greater detail below, Defendant Fitzgerald was the sole
13  shareholder of N Worx Media, an adult content film production company, which
14  advertised and marketed its products and services using the trademarks "Michael
15  Ninn" and/or "Ninn" and variations thereof.  These marks became well known in the
16  adult entertainment industry and were the company's most valuable assets.

17    3.    In or about July 2007, Defendant Fitzgerald sold 100% of his stock in N
18  Worx Media to Ninn Worx SR pursuant to a Stock Purchase Agreement
19  ("Agreement"), in which Defendant Fitzgerald expressly represented that N Worx
20  Media -- and not Defendant Fitzgerald -- had all rights, title and interest in all of the
21  intellectual property of the company, including the "Michael Ninn" and "Ninn"
22  trademarks (collectively, the "Ninn Marks").  Defendant Fitzgerald subsequently
23  acknowledged in writing that as a result of this transaction, he had given up control
24  "over his namesake" -- *i.e.*, Michael Ninn.

25    4.    Nonetheless, a year after Defendant Fitzgerald sold his shares and all
26  rights to the Ninn Marks, Defendant Fitzgerald intentionally and wrongfully began
27  using the Ninn Marks and other confusingly similar marks to promote and sell
28  products and services for personal gain to the same market and clientele as Plaintiffs.

1

1  Defendant Fitzgerald's intentional and wrongful conduct recently has included

2  creating, distributing and advertising adult entertainment films as well a particular

3  film titled Nymphetamine (as part of the so-called "Nymphetamine" series), which

4  infringes on the Ninn Marks and uses the Ninn name in at least the following ways:

- The beginning credits state that it is directed by Michael Ninn;
- IM_NINN is listed on the box cover and beginning credits;
- At least one person states on the film (BTS at 16:08) "We just finished a Ninn Worx shoot";
- The DVD box states that the film was edited and score by IM_NINN;
- The beginning and ending credits state "Michael Ninn"; and
- The DVD box states that the film is part of a "New Series from Award-Winning Director Michael Ninn"

14  Defendant Fitzgerald's conduct has caused, and will continue to cause, great and

15  irreparable harm to Plaintiffs.

## SUBJECT MATTER JURISDICTION AND VENUE

16       5.     This is an action for trademark infringement, which sets forth claims for

18  relief under the Lanham Act, trademark infringement under the Lanham Act, 15

19  U.S.C. § 1125(a), unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)

20  and trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c).  Accordingly,

21  this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), (b)

22  and 1367 because it is a civil action arising under the laws of the United States and

23  under an Act of Congress pertaining to trademarks.  This court has supplemental

24  jurisdiction over the state court claims asserted herein pursuant to 28 U.S.C.

25  § 1367(a).  All claims are so related to each other as to form a part of the same case

26  or controversy under Article III of the United States Constitution.

27       6.     This Complaint is for an action for damages wherein the amount in

28  controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of

2

0038613/037/ 417218v04

1   interest, costs, and attorney's fees, and is therefore within the jurisdiction of this

2   Court.

3          7.      Venue is proper under 28 U.S.C. § 1391(b) because, upon information

4   and belief, the infringement and actions giving rise to these claims occurred in this

5   judicial district.  In addition, Defendant Michael Fitzgerald does business in and has

6   substantial contacts with in the Central District of California, and this is the judicial

7   district in which a substantial portion of the events at issue have arisen.  Moreover,

8   the parties' Stock Purchase Agreement contains a venue provision, which provides

9   that "[e]ach party consents to the jurisdiction of California and the County of Los

10  Angeles in connection with the enforcement of this Agreement."

11                          **THE PARTIES**

12         8.      Plaintiff N Worx Media is a California corporation with its principal

13  place of business in Norco, California.

14         9.      Plaintiff Ninn Worx SR is a Delaware corporation with principal place

15  of business in Norco, California.

16         10.     Upon information and belief, at all times relevant hereto, Defendant

17  Fitzgerald is an individual residing and/or doing business in Los Angeles County,

18  California.

19              **FACTUAL BACKGROUND OF THE COMPLAINT**

20  **A.    Plaintiffs' Activities in Commerce and Ownership the Ninn Marks**

21         11.     Plaintiffs are in the business of selling adult entertainment videos in

22  interstate commerce.

23         12.     N Worx Media has been in this business since at least 2005.  Defendant

24  Fitzgerald is the former owner and sole shareholder of Plaintiff N Worx Media.

25         13.     On or about July 20, 2007, Defendant Fitzgerald, as sole shareholder

26  for N Worx Media, sold 100% of his stock to a newly formed company, Ninn Worx

27  SR.

28

0038613/037/ 417218v04

14.    In effectuating this transaction, Defendant Fitzgerald together with Plaintiff Ninn Worx SR executed a certain written Agreement, pursuant to which the terms and conditions of the sale of Defendant Fitzgerald's shares in Plaintiff N Worx Media to Plaintiff Ninn Worx SR were memorialized.

15.    Pursuant to the terms and conditions of the Agreement, in exchange for selling his shares of N Worx Media, Defendant Fitzgerald was paid $1,000.00 and was issued 490 shares of stock in Ninn Worx SR, giving Defendant Fitzgerald a forty-nine percent (49%) interest in Ninn Worx SR.

16.    As part of the Agreement, Defendant Fitzgerald represented and warranted that N Worx Media "owns, or has the valid right or license to use, possess, sell, or license, free and clear of any debt, agreements, contracts or obligations of any nature whatsoever, all Intellectual Property . . . necessary or required for the conduct of its business as presently conducted and as presently proposed to be conducted."

17.    The "Intellectual Property" described in the Agreement is extensive and all-encompassing, and includes:

> all video and intellectual property rights, including, without limitation, patents, patent applications, rights to file for patent applications (including but not limited to continuations, continuations-in-part, divisionals and reissues), trademarks, logos, service marks, trade names and service names (in each case whether or not registered) and applications for and the right to file applications for registration thereof, Internet domain name, and URL names herein reference or application for an Internet domain name, Internet and World Wide Web URLs or addresses, copyrights (whether or not registered) and applications for and the right to file applications for registration thereof, franchises, licenses, inventions, trade secrets, trade dress, know-how, customers lists, supplier lists, proprietary processes and formulae, software source code and object code, algorithms, net lists, architectures, structures, screen displays, layouts, inventions, development tools, designs, blueprints, specifications, technical drawings (or similar information in electronic format), publicity and privacy rights and any other intellectual property....

18.    As set forth in the Agreement, N Worx Media's Intellectual Property also included the domain names to: Michaelninn.com, Michaeleninn.tv,

4

0038613/037/ 417218v04

1  Michaeleninn.net, Ninnworx.com, Ninnworx.net, Ninnworx.tv, and

2  Ninnworxcnema.com.

3      19.   Defendant Fitzgerald was well aware that as a result of entering into the

4  Agreement, he would not longer be permitted to use the name "Michael Ninn" or

5  any derivation thereof.  Indeed, Defendant Fitzgerald subsequently acknowledged in

6  writing that as a result of this transaction, he had given up control "over his

7  namesake" -- i.e., Michael Ninn.

8      20.   The Ninn Marks -- "Michael Ninn" and "Ninn" -- have become

9  associated with Plaintiffs' products and services among customers of the adult

10  entertainment industry throughout the United States.  N Worx Media has used the

11  Ninn Marks continuously in interstate commerce throughout the United States since

12  at least 2005.  The Ninn Marks were the most valuable assets of N Worx Media at

13  the time of the Agreement.

14     21.   Plaintiffs have spent significant sums advertising and promoting their

15  services and products under the Ninn Marks.  Plaintiffs maintain strict control over

16  the manner in which Ninn Marks are used in order to ensure that their goodwill and

17  image, as well as the goodwill and image inherent in the Ninn Marks, are protected

18  and maintained.

19     22.   The Ninn Marks have acquired secondary meaning as they have

20  become well known to the public and trade as distinguishing goods or services

21  emanating from, symbolizing, or authorized by Plaintiffs.  The Ninn Marks are of

22  incalculable value as a symbol of Plaintiffs and their merchandise and services.

23  Such value and recognition were developed prior to the actions complained of in this

24  pleading.  As a result of the strength of the Ninn Marks, Plaintiffs' customers and the

25  public came to identify the Plaintiffs with the Ninn Marks as the source of origin of

26  the goods and services related thereto and offered under those names and marks.

27

28

0038613/037/ 417218v04

**B.    Defendant Fitzgerald's Infringing Activities**

23.    After the sale of all his shares to N Worx, Defendant Fitzgerald began competing against the Plaintiffs in the adult entertainment video market and is now advertising using confusingly similar marks.  Plaintiffs recently learned that Defendant Fitzgerald is using variations of the Ninn Marks in advertising for his competing products.  These variations include, but are not limited to, a website Defendant Fitzgerald has created and/or is associated with that has the url address, www.imninn.com (the "Infringing Marks").

24.    Plaintiffs are informed and believes, and on that basis allege, that on in or around September 2008, Defendant Fitzgerald registered and/or became affiliated with the Internet domain name www.imninn.com and is using that domain name to advertise his products through the use of the Infringing Marks.  Attached as Exhibit A is a true and correct copy of a home page from the www.imninn.com, showing the Ninn mark as Defendant Fitzgerald is using it in commerce.

25.    Defendant Fitzgerald has also been using the actual Ninn Marks for advertising, marketing and promotions in commerce, as set forth below.

26.    On or about January 2009, at the Adult Video Network Tradeshow, the "Michael Ninn" trademark was prominently displayed on a poster at a booth for Nymphetamine, a business entity in the same trade and stream of commerce as Plaintiffs, without Plaintiffs' authority.  Nymphetamine is also featured on the www.imninn.com website.  Attached hereto as Exhibit B is a true and correct copy of a photo of the Michael Ninn/Nymphetamine poster taken at the January 2009 Adult Video Network Tradeshow.

27.    Defendant Fitzgerald's intentional and wrongful conduct recently has included creating, distributing and advertising an adult entertainment film (as part of the so-called "Nymphetamine" series), in which he represents the film was "directed by Michael Ninn," refers to a "Ninn Worx shoot," and identifies "IM_NINN" in the credits and on the film's box cover.

6

0038613/037/ 417218v04

28.     Defendant Fitzgerald has never been licensed by Plaintiffs to use or exploit the Ninn Marks for any commercial purpose.

29.     Defendant Fitzgerald has and continues to knowingly trade on and exploit the Ninn Marks and Plaintiffs' reputation associated with the Ninn Marks. Defendant Fitzgerald's activities suggest a connection with or sponsorship by Plaintiffs which does not exist.  Upon information and belief, Defendant Fitzgerald's activities are for the calculated purpose of deriving a commercial benefit from Ninn Marks.

30.     If Defendant Fitzgerald's infringing use of these confusing similar marks does not immediately cease, Plaintiffs stand to lose a significant number of customers and will be irreparably harmed.

## FIRST CLAIM FOR RELIEF

## (Trademark Infringement- 15 U.S.C. §1125(a))

31.     Plaintiffs incorporate paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.     Plaintiffs are the owner of all rights, title, and interest to the Ninn Marks and have the exclusive right to use the Ninn Marks in the United States in connection with the adult entertainment video industry and broadcasts throughout the Country.

33.     The Ninn Marks have not been abandoned and are widely used by the Plaintiffs.  Plaintiffs intend to preserve and maintain their rights to the Ninn Marks and to continue their use.

34.     By virtue of the wide renown of Ninn Marks, these trademarks have developed secondary meaning as distinctive of goods originating with the Plaintiffs.

35.     Plaintiffs are informed and believe, and on that basis allege, that Defendant Fitzgerald has used one or more of the Infringing Marks and/or the Ninn Marks to advertise, offer for sale, and/or sell commercially in interstate commerce,

7

0038613/037/ 417218v04

1 adult entertainment videos and other products. Defendant Fitzgerald does not have

2 Plaintiffs' permission to use the Ninn Marks.

3      36.   Defendant Fitzgerald's use of the Infringing Marks and/or Ninn Marks

4 themselves is likely to cause, and on information and belief has actually caused,

5 confusion or mistake in the marketplace, by deceiving customers and creating the

6 false and mistaken impression that Defendant Fitzgerald's website and products are

7 in affiliation, connection, or association with Plaintiff or that Plaintiff is the origin of

8 Defendant Fitzgerald's videos or sponsors or approves them.

9      37.   Plaintiffs are informed and believe, and upon that basis alleges, that

10 Defendant Fitzgerald has obtained gains, profits, and advantages as a result of his

11 infringing acts in amounts within the jurisdiction of this Court.

12      38.   The unauthorized use by Defendant Fitzgerald's of Infringing Marks

13 and the Ninn Marks constitutes trademark infringement since is likely to cause

14 confusion or to cause mistake in the minds of the purchasing public or to deceive the

15 relevant public as to the source of the products or services in violation of the rights

16 afforded to the Plaintiffs pursuant to the Lanham Act.

17      39.   Defendant Fitzgerald's use of the Infringing Marks and the Ninn Marks

18 has caused and, if not enjoined, will continue to cause, irreparable and continuing

19 harm to Plaintiffs in the diminution of value and goodwill of the Ninn Marks, and in

20 their impairment to serve as designations of source, for which Plaintiffs have no

21 adequate legal remedy. Accordingly, Plaintiffs are entitled to provisional,

22 preliminary and permanent injunctive relief to compel cessation of all infringing and

23 otherwise harmful conduct.

24      40.   As a direct and proximate result of Defendant Fitzgerald's wrongful

25 conduct, Plaintiffs have been and will continue to be damaged by, without limitation,

26 a diminution in the value of the Ninn Marks in their reputation and goodwill, in an

27 amount to be proven at trial.

28

0038613/037/ 417218v04

1    41.    Defendant Fitzgerald's wrongful use of the Ninn Marks was and
2  continues to be knowing, deliberate, willful, fraudulent, and without extenuating
3  circumstances.  Plaintiffs are therefore entitled to recover three times the amount of
4  actual damages, statutory damages and attorney's fees and costs incurred in this
5  action, and Defendant Fitzgerald's profits from the sale of infringing goods.

**SECOND CLAIM FOR RELIEF**

**(Dilution of Trademark-15 U.S.C. § 1125(c))**

8    42.    Plaintiffs incorporate paragraphs 1 through 41 of this Complaint as
9  though fully set forth herein.
10    43.    Through Defendant Fitzgerald's unauthorized use of each of the
11  foregoing trademarks in connection with the infringing products and their websites,
12  Defendant Fitzgerald has intended to cause, has caused, and is likely to continue to
13  cause dilution of the distinctive quality of the Ninn Marks in violation of 15 U.S.C
14  § 1125(c).
15    44.    Defendant Fitzgerald's acts are intended to trade upon Plaintiffs'
16  reputation, and are likely to tarnish or injure Plaintiffs' business reputation.
17    45.    Unless enjoined by this Court, Defendant Fitzgerald's use of the
18  foregoing trademarks will continue to cause, irreparable and continuing harm to
19  Plaintiffs in the diminution of their value and goodwill, and in their impairment to
20  serve as designations of source, for which Plaintiffs have no adequate legal remedy.
21  Accordingly, Plaintiffs are entitled to provisional, preliminary and permanent
22  injunctive relief to compel cessation of all infringing and otherwise harmful conduct.
23    46.    As a direct and proximate result of Defendant Fitzgerald's wrongful
24  conduct, Plaintiffs have been and will continue to be damaged by, without limitation,
25  a diminution in the value of the Ninn Marks in their reputation and goodwill, in an
26  amount to be proven at trial.
27    47.    Defendant Fitzgerald's wrongful use of the trademarks is knowing,
28  deliberate, willful, fraudulent, and without extenuating circumstances.  Plaintiffs are

9

0038613/037/ 417218v04

1  therefore entitled to recover three times the amount of actual damages, as well as

2  attorney's fees and costs incurred in this action, and Defendant Fitzgerald's profits

3  from the sale of infringing goods.

## THIRD CLAIM FOR RELIEF

### (Unfair Business Practices-15 U.S.C. § 1125(a))

6       48.    Plaintiffs incorporate paragraphs 1 through 47 of this Complaint as

7  though fully set forth herein.

8       49.    The Ninn Marks have acquired a secondary and distinctive meaning

9  among the public, which has come to identify Ninn Marks through various media.

10  As a result of the extensive advertising, media exposure, sales and public recognition

11  of the Ninn Marks, they have become symbolic of Plaintiffs and representative of

12  the image which the public has of the Plaintiffs.

13      50.    Plaintiffs are informed and believe, and upon that basis allege, that

14  Defendant Fitzgerald has, without permission, authority, or license from Plaintiffs,

15  used in connection with the advertisement, display, promotion, marketing, sale, or

16  offer for sale, false descriptions and representations including the Infringing Marks

17  and the Ninn Marks, which tend to falsely describe or represent such goods or

18  services as Plaintiffs and/or affiliated with the Plaintiffs, with full knowledge of the

19  falsity of such designations of origin and such descriptions, and representations, all

20  to the detriment of Plaintiffs.

21      51.    Defendant Fitzgerald's misappropriation and use of the Ninn Marks,

22  has misrepresented and falsely described to the general public the origin, source,

23  association, affiliation, or sponsorship of their goods so as to create the likelihood of

24  confusion by the ultimate purchaser as to both the source and sponsorship of such

25  goods or services.

26      52.    Defendant Fitzgerald's acts and conduct, as alleged herein, are business

27  practices likely to deceive or confuse the purchasing public and trade upon

28  Plaintiffs' reputation, both as to the source, origin, sponsorship, and approval of the

10

0038613/037/ 417218v04

1  goods or services provided and as to the affiliation, connection, or association of

2  Defendant Fitzgerald, and each of them, with Plaintiffs and constitutes acts of unfair

3  competition, false designation of origin, and false representation of affiliation.

4        53.    Defendant Fitzgerald's wrongful use of the trademarks is knowing,

5  deliberate, willful, fraudulent, and without extenuating circumstances.  Plaintiffs are

6  therefore entitled to recover three times the amount of actual damages, as well as

7  attorney's fees and costs incurred in this action, and Defendant Fitzgerald's profits

8  from the sale of infringing goods.

9                           **FOURTH CLAIM FOR RELIEF**

10                    **(California Common Law Unfair Competition)**

11        54.    Plaintiffs incorporate paragraphs 1 through 53 of this Complaint as

12  though fully set forth herein.

13        55.    Defendant Fitzgerald's conduct constitutes unfair competition in that it

14  offends established public policy and is immoral, unethical, oppressive,

15  unscrupulous and injurious to consumers.

16        56.    The acts of unfair competition alleged herein were committed with

17  oppression, fraud and malice.  Plaintiffs request the imposition of exemplary

18  damages pursuant to California Civil Code § 3294.

19                            **FIFTH CLAIM FOR RELIEF**

20         **(Violation of California Business & Professions Code § 17200 _et seq_)**

21        57.    Plaintiffs incorporate paragraphs 1 through 56 of this Complaint as

22  though fully set forth herein.

23        58.    Defendant Fitzgerald's misconduct constitutes unlawful, unfair or

24  fraudulent business acts or practices within the meaning of California Business &

25  Professions Code § 17200.

26        59.    Defendant Fitzgerald's wrongful conduct has caused and, if not

27  enjoined, will continue to cause irreparable and continuing harm to Plaintiffs, for

28  which they have no adequate legal remedy.

0038613/037/ 417218v04

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

1. As to the First, Second and Third Causes of Action, that Defendant Fitzgerald be required to pay actual damages increased to the maximum extent permitted by law and that actual damages be trebled to the extent permitted by 15 U.S.C. § 1117.

2. As to the First through Fifth Causes of Action, that Defendant Fitzgerald, his agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with him, be immediately enjoined from directly or indirectly infringing upon Plaintiffs' Ninn Marks in any manner including generally, but not limited to, advertising, promoting, giving away, selling, and/or offering for sale any products or services which infringe upon Ninn Marks, and, specifically:

   a. That Defendant Fitzgerald, his agents, servants, employees, representatives, successors, and assigns, and all persons or entities in active concert or participation with Defendant Fitzgerald be immediately enjoined from directly or indirectly infringing upon the Ninn Marks through advertising, promoting, giving away, distributing, selling, and/or offering for sale any adult-themed motion pictures, videos, and DVDs (including but not limited to the film "Nymphetamine"), as well as other adult-themed goods, which contain the Ninn Marks in any format or phrase;

   b. That Defendant Fitzgerald, his agents, servants, employees, representatives, successors, and assigns, and all persons or entities in active concert or participation with Defendant Fitzgerald be immediately enjoined from directly or indirectly using the names "Michael Ninn," "Ninn," "imninn," or any derivation thereof, for any purpose;

   c. That Defendant Fitzgerald, his agents, servants, employees, representatives, successors, and assigns, and all persons or entities in active concert

12

0038613/037/ 417218v04

1 | or participation with Defendant Fitzgerald be immediately enjoined from passing off

2 | any goods and services by providing a false or misleading description or

3 | representation, including words or other symbols, tending to falsely describe or

4 | represent such goods or services as being those of Plaintiffs;

5 |     d.  That Defendant Fitzgerald, his agents, servants, employees,

6 | representatives, successors, and assigns, and all persons or entities in active concert

7 | or participation with Defendant Fitzgerald be immediately enjoined from using the

8 | name "Ninn" or any variation thereof in which the name "Ninn" appears, for any

9 | purpose; and

10 |     e.  That Defendant Fitzgerald, his agents, servants, employees,

11 | representatives, successors, and assigns, and all persons or entities in active concert

12 | or participation with Defendant Fitzgerald be directed to surrender for destruction all

13 | goods, labels, advertising material and other items containing or including the Ninn

14 | Marks and/or "Ninn" name without authorization of Plaintiffs.

15 |    3.  As to the First through Fifth Causes of Action, that Plaintiffs recover

16 | from Defendant Fitzgerald their costs of this action and reasonable attorneys' fees to

17 | the extent permitted by law;

18 |    4.  As to the Fourth Cause of Action, that the Plaintiffs recover

19 | compensatory and punitive damages; and

20 |    5.  As to all claims for relief, compensatory damages, subject to proof at

21 | the time of trial but, in any event, not less than $100,000 and punitive damages,

22 | subject to proof at the time of trial but, in any event not less than $100,000, all other

23 | and further relief as this Court may deem just and proper under the circumstances.

24 | //

25 | //

26 | //

27 | //

28 |

13

1        6.    Prejudgment interest from a date no later than January 30, 2007.

2

3    Dated:  January 30, 2009        LIPSITZ GREEN SCIME CAMBRIA LLP

4                               LINER YANKELEVITZ
                           SUNSHINE & REGENSTREIF LLP

5

6                               By: _____

7                               Peter E. Garrell
                           Margaret P. Stevens

8                               Attorneys for Plaintiffs
                           NINN WORX SR, INC. and

9                               N WORX MEDIA, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

0038613/037/ 417218v04

1               **DEMAND FOR JURY TRIAL**

2       Plaintiffs Ninn Worx SR, Inc. and N Worx Media, Inc., hereby demand a trial

3 by jury of all claims triable before a jury.

4

5 Dated: January 30, 2009           LIPSITZ GREEN SCIME CAMBRIA LLP

6

7                               LINER YANKELEVITZ
                              SUNSHINE & REGENSTREIF LLP

8

9                           By: _____

10                              Peter E. Garrell
                              Margaret P. Stevens

11                               Attorneys for Plaintiffs
                              NINN WORX SR, INC. and
                              N WORX MEDIA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0038613/037/ 417218v04

imninn index



ENTER

Exhibit A

1/29/2009

